1   Christopher Mitchell Hendy (SBN 282036)
    MAYER BROWN LLP
2   333 South Grand Avenue, 47th Floor
3   Los Angeles, CA 90071
    (213) 229-9500
4   mhendy@mayerbrown.com

5   Timothy S. Bishop (*pro hac vice*)
    Avi M. Kupfer (*pro hac vice*)
6   MAYER BROWN LLP
7   71 S. Wacker Drive
    Chicago, IL 60606
8   (312) 701-7829
    tbishop@mayerbrown.com
9   akupfer@mayerbrown.com

10  *Attorneys for Defendants*
11  *Louis DeJoy and U.S. Postal Service*

12  *[Additional counsel listed on signature page]*

13              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA
14              SAN FRANCISCO DIVISION

15

16  STATE OF CALIFORNIA, et al.,          Case Nos. 3:22-cv-02583
                                                    3:22-cv-02576
17              Plaintiffs,
                                          **JOINT CASE MANAGEMENT
18       v.                               STATEMENT**

19  UNITED STATES POSTAL SERVICE, et al., Honorable Araceli Martínez-Olguín

20              Defendants.

21  ─────────────────────────────
    CLEANAIRNOW, et al.,
22
                Plaintiffs,
23
    v.
24
    LOUIS DEJOY, et al.,
25
                Defendants.
26

27

28

─ 1 ─

**JOINT CASE MANAGEMENT STATEMENT**

Pursuant to the orders reassigning these cases (Case No. 3:22-cv-02583 (*State*) Dkt. 126; Case No. 3:22-cv-02576 (*CleanAirNow*) Dkt. 66), the parties in these related cases submit the following case management statement.

1.      Jurisdiction and Service

Plaintiffs contend that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (action arising under the laws of the United States), 28 U.S.C. § 1346 (civil action against the United States), 39 U.S.C. § 401 (authorizing suits against the Postal Service), and 39 U.S.C. § 409 (suits by and against the Postal Service).

Defendants (collectively, the Postal Service) reserve the right to argue that the Court lacks subject matter jurisdiction over one or more of Plaintiffs' claims, including on standing grounds.

The Postal Service was served.

2.      Facts

These cases challenge the Postal Service's record of decision (ROD) for the Next Generation Delivery Vehicle (NGDV) Acquisitions program, which approved the purchase of 50,000 to 165,000 NGDVs. Plaintiffs allege that the final environmental impact statement (EIS) supporting the ROD did not comply with the National Environmental Policy Act (NEPA), 42 U.S.C. §§ 4321 et seq.

On January 7, 2022, the Postal Service released a final EIS, which evaluated, among other alternatives, its preferred alternative of procuring "up to 90 percent [internal combustion engine] NGDV with at least 10 percent [battery electric] NGDV." Final EIS iii; *see* 87 Fed. Reg. 994 (Jan. 7, 2022). On February 23, 2022, the Postal Service signed the ROD, which finalized its decision to implement the preferred alternative. *See* 87 Fed. Reg. 14,588 (Mar. 15, 2022).

On April 28, 2022, Plaintiffs CleanAirNow, et al. filed a complaint challenging the ROD. *CleanAirNow* Dkt. 1. Also on April 28, 2022, Plaintiffs State of California, et al. filed a complaint challenging the ROD, and filed a first amended complaint on June 10, 2022. *State* Dkts. 1, 79. Plaintiffs' complaints alleged that the Postal Service violated NEPA by, *inter alia*: (1) making "an irreversible and irretrievable commitment of resources" before completing the NEPA process; (2)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

failing to consider and evaluate reasonable alternatives including vehicle fleets with a larger mix of electric vehicles; (3) failing to take a "hard look" at these alternatives, including their impacts on air quality, environmental justice, and climate harms; (4) relying on unfounded assumptions regarding the costs and performance of electric vehicles, infrastructure, and gas prices; and (5) failing to consider inconsistencies of its preferred alternative with the States' laws and policies. *State* ECF No. 1; *CleanAirNow* ECF No. 1. The cases were related on May 10, 2022. *State* Dkt. 27; *CleanAirNow* Dkt. 10.

Postal Service update: The Postal Service is currently developing a supplemental EIS (SEIS) to evaluate the environmental impacts of significant changes to the NGDV Acquisitions program. 87 Fed. Reg. 43,561 (July 21, 2022). The Postal Service anticipates that it will "significantly modify[]" the program to increase the percentage of battery electric NGDVs to "not less than 50 percent." *Id.* at 43,561. The Postal Service has solicited public comments on the scope of the SEIS and it will solicit a second round of public comments on a draft of the SEIS. *Id.* The Postal Service currently anticipates releasing the draft SEIS on June 30, 2023, and finalizing the SEIS and issuing a revised ROD in October 2023. *State* Dkt. 125 at 2; *CleanAirNow* Dkt. 65 at 2.

The Postal Service anticipates that it will begin to receive the first NGDVs in June 2024. *State* Dkt. 125 at 2; *CleanAirNow* Dkt. 65 at 2.

In addition, the Postal Service recently announced that its delivery vehicle electrification strategy includes contracts for 9,250 off-the-shelf electric vehicles, 9,250 off-the-shelf gas vehicles, and more than 14,000 charging stations. U.S. Postal Serv., *USPS Moves Forward with Awards to Modernize and Electrify the Nation's Largest Federal Fleet* (Feb. 28, 2023), https://about.usps.com/newsroom/national-releases/2023/0228-usps-moves-forward-with-awards-to-modernize-and-electrify-nations-largest-federal-fleet.htm. The announcement stated that "delivery of the vehicles is intended to commence in December of this year, assuming successful completion of the [SEIS] . . . , and the related issuance of our [revised ROD] pursuant to [NEPA]," and that "[a]ll awards in today's announcement are contingent on the Postal Service's satisfactory completion of [NEPA] requirements." *Id.* Plaintiffs note below that the Postal Service "did not

disclose or study" the contracts "in the final EIS" for the NGDV Acquisitions program. That is because the contracts postdate and are distinct from the final EIS and ROD for the NGDV Acquisitions program. Rather, as the announcement explained, the contracts would be subject to the revised ROD with their NEPA analysis to occur in the SEIS.

Plaintiffs' update: On February 28, 2023, in addition to proceeding with its NGDV Acquisitions program, the Postal Service announced a new contract for the purchase of 18,500 off-the-shelf vehicles, including 9,250 gas-powered vehicles. U.S. Postal Serv., https://about.usps.com/newsroom/national-releases/2023/0228-usps-moves-forward-with-awards-to-modernize-and-electrify-nations-largest-federal-fleet.htm. The Postal Service did not disclose or study this alternative in the final EIS. Delivery of the off-the-shelf vehicles pursuant to the new contract is expected to commence in December 2023, two months after the expected October 2023 publication of the final SEIS and issuance of the revised ROD.

3.    Legal Issues

Plaintiffs allege that the Postal Service's issuance of the final EIS and ROD was arbitrary and capricious, did not demonstrate reasoned decision-making, exceeded the Postal Service's statutory authority, and was contrary to the requirements of NEPA and NEPA's implementing regulations.

The Postal Service disputes these claims.

4.    Motions

There are no pending motions. The motions below that have been decided provide additional background on the procedural history of the case.

Oshkosh Defense, LLC filed motions for leave to intervene as a defendant in the cases. *State* Dkt. 82; *CleanAirNow* Dkt. 35. The Court granted those motions. *State* Dkt. 122; *CleanAirNow* Dkt. 64.

On August 1, 2022, before the Postal Service filed answers to Plaintiffs' complaints, the Court sua sponte stayed proceedings due to the Postal Service's then-pending motion to consolidate all challenges to the ROD before a multidistrict litigation court. *State* Dkt. 103; *CleanAirNow* Dkt.

49. On October 7, 2022, the Judicial Panel on Multidistrict Litigation denied the Postal Service's consolidation motion.

On February 2, 2023, the Court granted the Postal Service's motions to extend the litigation stays and denied Plaintiffs' motions to lift the litigation stays. *State* Dkt. 121; *CleanAirNow* Dkt. 63. The Court wrote that the "USPS expects to finalize the supplemental environmental review in August 2023, and to issue the revised record of decision by October 2023." *State* Dkt. 121 at 2; *CleanAirNow* Dkt. 63 at 2. The Court explained that "[i]n light of the supplemental NEPA review, litigating the current one makes little sense from a judicial resources point of view." *State* Dkt. 121 at 2; *CleanAirNow* Dkt. 63 at 2. The Court also stated "[i]f it turns out that USPS cannot meet the August 2023 deadline, plaintiffs may ask the Court to revisit the stays." *State* Dkt. 121 at 2; *CleanAirNow* Dkt. 63 at 2. Plaintiffs may ask the Court to revisit the stay because the Postal Service has stated that it will not finalize the SEIS by August 2023, and because after the court granted an extension of the stay, the Postal Service proceeded with a new contract for off-the-shelf vehicles that has not been evaluated under NEPA.

The Court directed the parties to file joint status reports every 90 days. *State* Dkt. 121 at 3; *CleanAirNow* Dkt. 63 at 3. On May 1, 2023, the parties filed the first joint status report. *State* Dkt. 125; *CleanAirNow* Dkt. 65.

At a December 1, 2022 hearing on the stay motions, the Court indicated that it would consolidate the cases and that Plaintiffs should "plan on filing a consolidated complaint" if they seek to challenge the revised ROD. *State* Dkt. 114 at 4, 15. The Court has not yet consolidated the cases.

If Plaintiffs file an amended complaint challenging the revised ROD, the parties anticipate that the cases would be resolved through cross-motions for summary judgment after the Postal Service files an answer and serves the administrative record.

5.    Amended Pleadings

Plaintiffs may amend their complaints based on the SEIS.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6.      <u>Evidence Preservation</u>

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See* ESI Guidelines 2.01, 2.02; Checklist for ESI Meet and Confer. In this matter, such preservation is limited to that necessary to prepare and file the administrative record.

7.      <u>Disclosures</u>

Evidentiary disclosures are not required in administrative record review cases, and none are anticipated. Fed. R. Civ. P. 26(a)(1)(B)(i).

8.      <u>Discovery</u>

The parties anticipate that this action will be resolved based on the Postal Service's administrative record and that discovery will not be necessary.

9.      <u>Class Actions</u>

This case is not a class action.

10.      <u>Related Cases</u>

The Court has related these cases. In addition, there is a challenge to the same Postal Service ROD pending in another court. *See Natural Res. Def. Council v. DeJoy*, No. 1:22-cv-3442 (S.D.N.Y). That action has also been stayed with the parties directed to file a joint status letter by July 10, 2023 on the Postal Service's SEIS. Order, *Natural Res. Def. Council v. DeJoy*, No. 1:22-cv-3442 (S.D.N.Y Jan. 18, 2022), Dkt. 67.

11.      <u>Relief</u>

The *CleanAirNow* Plaintiffs ask the Court to: (1) declare that the Postal Service violated NEPA and its implementing regulations in issuing its final EIS and ROD; (2) vacate the Postal Service's final EIS and ROD until the Postal Service has demonstrated lawful compliance with NEPA and applicable regulations; (3) issue an order enjoining the Postal Service from any action under its NGDV Acquisitions program until the Postal Service has demonstrated lawful NEPA compliance; (4) award Plaintiffs their costs, expenses, and reasonable attorneys' fees; and (5)

provide for such other relief as the Court deems just and appropriate.

The *State* Plaintiffs request that the Court: (1) issue a declaratory judgment that the Postal Service violated NEPA in issuing the Final EIS and ROD; (2) issue an order vacating and setting aside the final EIS and ROD unless and until the Postal Service complies with applicable law; (3) issue an order enjoining action by the Postal Service under its NGDV Acquisitions program until it has complied with NEPA; (4) award Plaintiffs their costs, expenses, and reasonable attorneys' fees; and (5) award such other relief as the Court deems just and proper.

The Postal Service disputes Plaintiffs' entitlement to any relief in these cases and therefore opposes the relief sought.

12.     Settlement and ADR

The parties have complied with ADR L.R. 3-5. Plaintiffs do not believe that ADR would be productive at this time. The Postal Service believes that ADR could be useful to achieving a resolution of these lawsuits.

13.     Consent to Magistrate Judge for all Purposes

All parties do not consent to have a magistrate judge conduct all further proceedings.

14.     Other References

Plaintiffs do not believe that this case is suitable for reference to binding arbitration, special master, or the Judicial Panel on Multidistrict Litigation.

The Postal Service agrees that the case is not suitable for reference to binding arbitration or a special master. As discussed above, the Judicial Panel on Multidistrict Litigation denied the Postal Service's motion to consolidate these cases with other cases challenging the same Postal Service action.

15.     Narrowing of Issues

The parties do not believe that it is possible to narrow the issues at this time.

16.     Expedited Trial Procedure

Because judicial review in this case is based on the Postal Service's administrative record, the cases should be decided on summary judgment and no trial is expected to occur.

17.  <u>Scheduling</u>

Plaintiffs propose that if they move to lift the stay and are successful, they will likely seek an expedited briefing schedule in light of the Postal Service's announcement that delivery of off-the-shelf vehicles "is intended to commence in December of this year." U.S. Postal Serv., https://about.usps.com/newsroom/national-releases/2023/0228-usps-moves-forward-with-awards-to-modernize-and-electrify-nations-largest-federal-fleet.htm. The Postal Service will propose a schedule for any future proceeding if and when the litigation stays are dissolved. As discussed above, the Postal Service currently expects to issue the revised ROD in October 2023.

18.  <u>Trial</u>

A trial is not anticipated in this administrative record case. The parties anticipate that summary judgment motions would require a hearing of two to four hours.

19.  <u>Disclosure of Non-Party Interested Entities or Persons</u>

All required disclosure statements have been filed.

20.  <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.


Dated: May 31, 2023                              Respectfully submitted,

                                                 /s/ *Timothy S. Bishop*
                                                 Timothy S. Bishop (*pro hac vice*)
                                                 Avi M. Kupfer (*pro hac vice*)
                                                 MAYER BROWN LLP
                                                 71 S. Wacker Drive
                                                 Chicago, IL 60606
                                                 (312) 701-7829
                                                 tbishop@mayerbrown.com
                                                 akupfer@mayerbrown.com

                                                 Christopher Mitchell Hendy (SBN 282036)
                                                 MAYER BROWN LLP
                                                 333 South Grand Avenue, 47th Floor
                                                 Los Angeles, CA 90071
                                                 (213) 229-9500

- 8 -

mhendy@mayerbrown.com

*Attorneys for Defendants United States Postal
Service and Louis DeJoy, in his official
capacity as United States Postmaster General*

- 9 -

ROB BONTA
Attorney General of California
ABIGAIL BLODGETT
Supervising Deputy Attorney General

/s/ Stacy J. Lau
STACY J. LAU
Deputy Attorneys General
1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone: (510) 879-1973
E-mail:  Stacy.Lau@doj.ca.gov

*Attorneys for Plaintiff State of California*

FOR THE COMMONWEALTH OF
PENNSYLVANIA
MICHELLE HENRY
Acting Attorney General

/s/ Ann R. Johnston
ANN R. JOHNSTON
Senior Deputy Attorney General
Office of Attorney General
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Phone: (215) 560-2171
Email: ajohnston@attorneygeneral.gov

*Attorneys for Plaintiff*
*Commonwealth of Pennsylvania*

KATHLEEN JENNINGS
Attorney General of Delaware

/s/ Christian Douglas Wright
CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation
VANESSA L. KASSAB (*pro hac vice*)
JAMESON A. L. TWEEDIE
RALPH K. DURSTEIN, III
Deputy Attorneys General
Delaware Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 683-8899

LETITIA JAMES
Attorney General of New York

/s/ Claiborne E. Walthall
CLAIBORNE E. WALTHALL (*pro hac vice*)
Assistant Attorney General
New York State Office of the Attorney
General
Environmental Protection Bureau
State Capitol
Albany, NY 12224
(518) 776-2380
claiborne.walthall@ag.ny.gov

*Attorneys for Plaintiff State of New York*

WILLIAM TONG
Attorney General of Connecticut

/s/ Daniel Salton
DANIEL SALTON
Assistant Attorney General
Office of the Attorney General of
Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5250
Email: daniel.salton@ct.gov

*Attorneys for Plaintiff State of Connecticut*

AARON M. FREY
Attorney General of Maine

/s/Jillian R. O'Brien
JILLIAN R. O'BRIEN, Cal. State Bar No.
251311
JASON ANTON
PAUL SUITTER
Assistant Attorneys General
Six State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8800
Fax: (207) 287-3145

- 10 -

1

2   *Attorneys for Plaintiff State of Delaware*

3   KWAME RAOUL
    Attorney General of Illinois

4
    */s/ Jason James*
5   JASON E. JAMES (*pro hac vice*)
    Assistant Attorney General
6   MATTHEW J. DUNN
    Chief, Environmental Enforcement/Asbestos
7   Litigation Division
    Office of the Attorney General
8   201 West Pointe Drive, Suite 7
    Belleville, IL 62226
9   Tel: (872) 276-3583
    Email: Jason.james@ilag.gov
10
    *Attorneys for Plaintiff State of Illinois*
11

12
    MATTHEW J. PLATKIN
13  Attorney General of New Jersey

14
    */s/ Lisa Morelli*
15  LISA MORELLI, State Bar No. 137092
    Deputy Attorney General
16  Division of Law
    25 Market Street
17  P.O. Box 093
    Trenton, NJ 08625-093
18  Telephone: 609-376-2740
    Email: lisa.morelli@law.njoag.gov
19
20  *Attorneys for Plaintiff State of New Jersey*

21  ELLEN F. ROSENBLUM
    Attorney General of Oregon
22

23  */s/ Paul Garrahan*
    PAUL GARRAHAN (*pro hac vice*)
24  Attorney-in-Charge
    STEVE NOVICK (*pro hac vice*)
25  Special Assistant Attorney General
    Natural Resources Section
26  Oregon Department of Justice
    1162 Court Street NE
27  Salem, OR 97301-4096
    Telephone: (503) 947-4593
28

Email: Jason.Anton@maine.gov
Email: Paul.Suitter@maine.gov
Email: Jill.Obrien@maine.gov

*Attorneys for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

*/s/ Steven J. Goldstein*
STEVEN J. GOLDSTEIN (*pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6414
Email: sgoldstein@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

RAÚL TORREZ
Attorney General of New Mexico

*/s/ William Grantham*
WILLIAM GRANTHAM (*pro hac vice*)
Assistant Attorney General
201 Third St. NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 717-3520
E-Mail: wgrantham@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

JOSHUA H. STEIN
Attorney General of North Carolina

*/s/ Asher Spiller*
ASHER SPILLER
Assistant Attorney General
FRANCISCO BENZONI
Special Deputy Attorney General

- 11 -

Email: Steve.Novick@doj.state.or.us

*Attorneys for Plaintiff State of Oregon*

FOR THE PEOPLE OF THE
STATE OF MICHIGAN

*/s/ Elizabeth Morriseau*
ELIZABETH MORRISSEAU (*pro hac vice*)
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
Michigan Attorney General's Office
6th Floor, G. Mennen Williams Building
525 West Ottawa Street
PO Box 30755
Lansing, MI 48933
Telephone: (517) 335-7664
Email: MorrisseauE@michigan.gov

*Attorneys for Plaintiff the People of the State of
Michigan*

Charity R. Clark
Attorney General of Vermont

*/s/ Nicholas F. Persampieri*
NICHOLAS F.  PERSAMPIERI (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-3171
nick.persampieri@vermont.gov

*Attorneys for Plaintiff State of Vermont*

Brian L. Schwalb
Attorney General for the District of Columbia

*/s/ Adam Teitelbaum*
ADAM TEITELBAUM, State Bar. No. 310565
Deputy Director
Office of the Attorney General
District of Columbia
400 6th St. NW
Washington, DC 20001

114. W. Edenton Street
Raleigh, NC 27063
Telephone: (919)716-7600
Email: fbenzoni@ncdoj.gov
aspiller@ncdoj.gov

*Attorneys for Plaintiff State of North
Carolina*

ROBERT W. FERGUSON
Attorney General of Washington

*/s/ Megan Sallomi*
MEGAN SALLOMI, State Bar. No. 300580
Assistant Attorney General
Environmental Protection Division
Washington State Attorney General's Office
800 5th Ave Suite 2000,
Seattle, WA 98104-3188
Telephone: (206) 389-2437
Email: Megan.Sallomi@atg.ca.gov

*Attorney for Plaintiff State of Washington*

PETER F. NERONHA
Attorney General of Rhode Island

*/s/ Nicholas M. Vaz*
NICHOLAS M. VAZ (*pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

ALEXANDER G. CROCKETT
District Counsel

*/s/ Marcia Raymond*

Telephone: 202-256-3713
Email: Adam.Teitelbaum@dc.gov

*Attorneys for Plaintiff District of Columbia*

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
of the City of New York

*/s/Alice R. Baker*
ALICE R. BAKER (*pro hac vice*)
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
Telephone: (212) 356-2314
E-mail: albaker@law.nyc.gov

*Attorneys for Plaintiff City of New York*

*/s/ Maya D. Golden-Krasner*
MAYA D. GOLDEN-KRASNER (SBN 217557)
SCOTT B. HOCHBERG (SBN 305567)
mgoldenkrasner@biologicaldiversity.org
shochberg@biologicaldiversity.org
Climate Law Institute
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
T: (510) 844-7119 / F: (510) 844-7150

*Attorneys for Plaintiff Center for Biological Diversity*

MARCIA L. RAYMOND, State Bar No. 215655
Assistant Counsel
Bay Area Air Quality Management District
350 Beale Street, Suite 600
San Francisco, CA 94105
(415) 749-5158
mraymond@baaqmd.gov

*Attorneys for Plaintiff*
*Bay Area Air Quality Management District*
PHIL WEISER
Attorney General of Colorado

*/s/ Eric R. Olson*
ERIC R. OLSON (*pro hac vice*)
Solicitor General Emeritus
SHANNON STEVENSON
Solicitor General
Office of the Attorney General
Colorado Department of Law
1300 Broadway, 10th Floor
Denver, CO 80203
(720) 508 6548
Eric.Olson@coag.gov

*Attorneys for Plaintiff State of Colorado*

*/s/ Adriano L. Martinez*
ADRIANO L. MARTINEZ (SBN 237152)
YASMINE L. AGELIDIS (SBN 321967)
CANDICE L. YOUNGBLOOD (SBN 328843)
amartinez@earthjustice.org
yagelidis@earthjustice.org
cyoungblood@earthjustice.org
Earthjustice
707 Wilshire Blvd., Suite 4300
Los Angeles, CA 90017
T: (415) 217-2000 / F: (415) 217-2040

*Attorneys for Plaintiffs CleanAirNow*
*and Sierra Club*

- 13 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ Nathan E. Shafroth*
Nathan E. Shafroth (SBN 232505)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
nshafroth@cov.com

*Attorney for Defendant-Intervenor*
*Oshkosh Defense, LLC*

- 14 -

1

## **ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

2          I hereby certify that the above counsel in Case Nos. 3:22-cv-02583 and 3:22-cv-02576

3     have concurred in the filing of this document.

4

5                                                                      /s/ *Timothy S. Bishop*
                                                                       Timothy S. Bishop

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that, on May 31, 2023, I electronically filed the foregoing document with

3    the Clerk of the Court using the ECF System, which will send notification of such filing to all

4    counsel of record by operation of the Court's ECF System.

5

6                                         */s/ Timothy S. Bishop*
                                          Timothy S. Bishop

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28