Timothy S. Bishop (*pro hac vice*)
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
(312) 701-7829
tbishop@mayerbrown.com

C. Mitchell Hendy (SBN 282036)
MAYER BROWN LLP
350 South Grand Avenue
Los Angeles, CA 90072
(213) 229-9500
mhendy@mayerbrown.com

*Attorneys for Defendants*
*Louis DeJoy and U.S. Postal Service*

[*Additional counsel listed on signature page*]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEANAIRNOW, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LOUIS DEJOY, et al.,<br><br>    Defendants,<br><br>OSHKOSH DEFENSE, LLC,<br><br>    Intervenor-Defendant | Case Nos. 3:22-cv-02583- RFL<br>     3:22-cv-02576-RFL<br><br>[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER<br><br>Honorable Rita F. Lin |
| STATE OF CALIFORNIA, et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>UNITED STATES POSTAL SERVICE, et al.,<br><br>    Defendants,<br><br>OSHKOSH DEFENSE, LLC,<br><br>    Intervenor-Defendant. | |

United States District Court
Northern District of California

Subject to the Court's approval, Plaintiffs in the above-captioned cases (Plaintiffs), Defendants Louis DeJoy and the U.S. Postal Service (Defendants or Postal Service), and Intervenor-Defendant Oshkosh Defense, LLC, (Oshkosh)—collectively, the Parties—enter this Stipulated Protective Order (Order). The Order is based on the Northern District of California's model protective order for standard litigation. A redline comparison of this Order and the model order (Exhibit A) tracks deviations that account for the requirements of administrative record review.

1.    <u>PURPOSES AND LIMITATIONS</u>

The administrative record for the Postal Service's revised record of decision for the Next Generation Delivery Vehicle Acquisitions program may contain confidential, proprietary, or private information for which protection from public disclosure or use for any purpose other than this litigation may be warranted. To expedite production of the administrative record, the Parties agree to this Order that permits the Postal Service to serve on the Parties, subject to the protections herein, portions of the administrative record containing sensitive information pertaining to the Postal Service's and Oshkosh's operations and other confidential research, development, or similar information.

Unrestricted disclosure of such information may create a substantial risk of harm to the Postal Service. Further, unrestricted disclosure of such information could pose a substantial risk of serious competitive harm to other entities (such as Oshkosh) whose sensitive, confidential, or proprietary information may be included in the administrative record.

Under the Court's scheduling order (*California* Dkt. 146), the administrative record will not be filed with the Court. Rather, the Postal Service will serve the administrative record on the Parties. The Postal Service generally will include in the administrative record two versions of each document that contains sensitive information: (i) a redacted version that does not require protection; and (ii) an unredacted version that contains confidential information subject to this Order. The administrative record also may include a small number of engineering and other highly sensitive commercial documents that contain trade secrets and thus require full redaction. *See* 39 U.S.C. § 410(c)(2). For those documents, the Postal Service will produce one unredacted version subject to this Order.

At the conclusion of summary judgment briefing, Plaintiffs will file a joint appendix containing copies of the portions of the administrative record relied upon in the Parties' summary judgment briefs.

Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3     Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4     Designating Party: a Party that designates information or items that it produces in the administrative record as "CONFIDENTIAL."

2.5     Administrative Record Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated as part of the administrative record in this matter.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant

3

in this action.

2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party: a Party that produces Administrative Record Material in this action.

2.12    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material: any Administrative Record Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party: a Party that receives Administrative Record Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of

4

publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. This Stipulation and Order is without prejudice to the right of any party to seek modifications of this Stipulation and Order in any way.

Nothing in this Stipulation and Order shall be construed to affect the responsibility of the Defendants to comply with any applicable law or regulation or to otherwise limit the authority or discretion of the Postal Service to undertake any action pursuant to any applicable law or regulation. Defendants' disclosure of documents, information, material, or items pursuant to this Stipulation and Order shall not be deemed a public disclosure under the Freedom of Information Act, 5 U.S.C. § 552, *et seq.*

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. After the final disposition of this action, the Parties shall destroy or return to the Postal Service all Protected Material, including all copies thereof, provided that counsel of record for each party may maintain a copy of any briefs, pleadings, or other material filed with or presented to the Court in this action.

5.      DESIGNATING PROTECTED MATERIAL

5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party

5

must designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Administrative Record Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) A Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents,

or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time until 60 days after the final disposition of this litigation. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The following process shall be the exclusive manner of challenging a designation of Protected Material.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite

that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the

8

Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

        7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

        7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

        (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

        (b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

        (c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

1    (d) the court and its personnel; and

2    (e) court reporters and their staff to whom disclosure is reasonably necessary for this

3    litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

4    7.3 <u>Public Records Access and Retention</u>.  Nothing contained in this Order shall alter or

5    limit any Receiving Party's obligations imposed by the provisions of any public records access law,

6    or similar state or local law, regarding the maintenance and disclosure of documents supplied to that

7    Receiving Party.   In the event that a Receiving Party receives a request for disclosure that

8    encompasses a document marked by the Designating Party as "Confidential" or "Confidential

9    Business Information" from any person purporting to invoke one or more such public records access

10   laws, or any other law, and a Receiving Party decides that disclosure of such document is required

11   by law, the following provisions shall apply:

12   (a) The Receiving Party shall not make such disclosure without first giving the Designating

13   Party written notice (together with a copy of such person's request for such documents unless

14   precluded by law).  Such notice shall be provided at least ten business days in advance of such

15   disclosure, unless the applicable law requires a disclosure in fewer than ten business days, in which

16   case the applicable Receiving Party agrees to notify the Designating Party of the request through its

17   counsel by telephone and electronic mail as soon as possible and prior to any such disclosure.  Unless

18   the Designating Party obtains a court order providing otherwise, the Receiving Party will make any

19   disclosure the Receiving Party determines is required under law.

20   (b) If any legal action is filed against a Receiving Party by any person seeking to compel

21   disclosure of a document marked or designated by the Designating Party as "Confidential" or

22   "Confidential Business Information," the applicable Receiving Party shall give the Designating Party

23   prompt notice of that legal action and shall not disclose such documents until all judicial proceedings

24   have concluded, unless (i) the court rules otherwise, or (ii) the Designating Party fails to file a motion

25   to intervene within ten business days of such notice.  In addition, the parties may resolve any disclosure

26   issue by consent.

27

28

(c) In any proceeding to bar or seek the release of "Confidential" or "Confidential Business Information," the Designating Party shall at all times have the affirmative obligation to intervene, to institute, or to otherwise participate and to defend and substantiate the claim of confidentiality.

(d) In any proceeding under Paragraph 7.3, nothing contained herein shall be construed to prejudice the position of the Designating Party that the disclosure would violate such rights, if any, as the Designating Party would otherwise have under applicable federal, state or local law. The Designating Party reserves the right to seek all relief available to it under applicable federal, state or local law to prevent such disclosure, including such right, if any, as the Designating Party would have had to seek a protective order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order was issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should

11

1  be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful

2  directive from another court.

3  9.      RESERVED.

4  10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

5          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

6  Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

7  the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized

8  disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c)

9  inform the person or persons to whom unauthorized disclosures were made of all the terms of this

10  Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be

11  Bound" that is attached hereto as Exhibit A.

12  11.     INADVERTENT   PRODUCTION   OF   PRIVILEGED   OR   OTHERWISE   PROTECTED

13          MATERIAL

14          When a Producing Party gives notice to Receiving Parties that certain inadvertently produced

15  material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties

16  are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal Rule of

17  Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

18  communication or information covered by the attorney-client privilege or work product protection, the

19  parties may incorporate their agreement in the stipulated protective order submitted to the court.

20  12.     MISCELLANEOUS

21          12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek

22  its modification by the court in the future.

23          12.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order

24  no Party waives any right it otherwise would have to object to disclosing or producing any information

25  or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives

26

27

28

any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, and hearing transcripts, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective

1  Order as set forth in Section 4 (DURATION).

2       Notwithstanding the foregoing, to the extent that a Receiving Party is a state or local

3  government or agency thereof and has a law, regulation, or policy requiring the retention of

4  documents procured in this litigation, these documents may be retained pursuant to such law,

5  regulation, or policy for only the amount of time permitted by that law, regulation, or policy, and

6  under the maximum protection afforded by that law, regulation, or policy, at which time the

7  documents would be returned to the Designating Party or destroyed in accordance with the laws and

8  procedures then in effect.  The obligations of confidentiality imposed by this Order shall survive the

9  cessation of the applicable Receiving Party's need for the documents, and shall continue to apply to

10  the Designating Party and any other persons designated in this Order.

11  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

14

Dated: February 16, 2024

/s/ Timothy S. Bishop

Timothy S. Bishop (*pro hac vice*)
Avi M. Kupfer (*pro hac vice*)
MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
(312) 701-7829
tbishop@mayerbrown.com
akupfer@mayerbrown.com

C. Mitchell Hendy (SBN 282036)
MAYER BROWN LLP
333 South Grand Avenue, 47th Floor
Los Angeles, CA 90071
(213) 229-9500
mhendy@mayerbrown.com

*Attorneys for Defendants United States Postal Service and Louis DeJoy, in his official capacity as United States Postmaster General*

/s/ Nathan E. Shafroth

Nathan E. Shafroth (SBN 232505)
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Suite 5400
San Francisco, California 94105-2533
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
nshafroth@cov.com

*Attorney for Defendant-Intervenor Oshkosh Defense, LLC*

15

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 3:22-cv-02583-RFL; 3:22-cv-02576-RFL

1

2
ROB BONTA
Attorney General of California
ABIGAIL BLODGETT
3
Supervising Deputy Attorney General

4
*/s/ Stacy J. Lau*
STACY J. LAU
5
Deputy Attorneys General
1515 Clay Street, 20th Floor
6
P.O. Box 70550
Oakland, CA 94612-0550
7
Telephone: (510) 879-1973
E-mail:  Stacy.Lau@doj.ca.gov
8

9
*Attorneys for Plaintiff State of California*

10

11
FOR THE COMMONWEALTH OF
PENNSYLVANIA
12
MICHELLE A. HENRY
Attorney General
13
*/s/ Ann R. Johnston*
14
ANN R. JOHNSTON
Assistant Chief Deputy Attorney General
15
Office of Attorney General
Civil Environmental Enforcement Unit
16
Strawberry Square
14th Floor
17
Harrisburg, PA 17120
Email: ajohnston@attorneygeneral.gov
18
(717) 497-3678

19

20
*Attorneys for Plaintiff
Commonwealth of Pennsylvania*

LETITIA JAMES
Attorney General of New York

*/s/ Claiborne E. Walthall*
CLAIBORNE E. WALTHALL (*pro hac vice*)
Assistant Attorney General
New York State Office of the Attorney General
Environmental Protection Bureau
State Capitol
Albany, NY 12224
(518) 776-2380
claiborne.walthall@ag.ny.gov

*Attorneys for Plaintiff State of New York*

WILLIAM TONG
Attorney General of Connecticut

*/s/ Daniel Salton*
DANIEL SALTON
Assistant Attorney General
Office of the Attorney General of Connecticut
165 Capitol Avenue
Hartford, CT 06106
Telephone: (860) 808-5250
Email: daniel.salton@ct.gov

*Attorneys for Plaintiff State of Connecticut*

21

22

23

24

25

26

27

28

16

1

KATHLEEN JENNINGS
Attorney General of Delaware

2

/s/ Vanessa L. Kassab

3

CHRISTIAN DOUGLAS WRIGHT
Director of Impact Litigation

4

VANESSA L. KASSAB (*pro hac vice*)
JAMESON A. L. TWEEDIE

5

RALPH K. DURSTEIN, III
Deputy Attorneys General

6

Delaware Department of Justice
820 N. French Street

7

Wilmington, DE 19801
(302) 683-8899

8

9

*Attorneys for Plaintiff State of Delaware*

10

11

KWAME RAOUL
Attorney General of Illinois

12

/s/ Jason E. James

13

JASON E. JAMES (*pro hac vice*)
Assistant Attorney General

14

MATTHEW J. DUNN
Chief, Environmental Enforcement/Asbestos

15

Litigation Division
Office of the Attorney General

16

201 West Pointe Drive, Suite 7
Belleville, IL 62226

17

Tel: (872) 276-3583
Email: Jason.james@ilag.gov

18

*Attorneys for Plaintiff State of Illinois*

19

20

MATTHEW J. PLATKIN
Attorney General of New Jersey

21

/s/ Lisa Morelli

22

LISA MORELLI, State Bar No. 137092
Deputy Attorney General

23

Division of Law
25 Market Street

24

P.O. Box 093
Trenton, NJ 08625-093

25

Telephone: 609-376-2740
Email: lisa.morelli@law.njoag.gov

26

27

*Attorneys for Plaintiff State of New Jersey*

AARON M. FREY
Attorney General of Maine

/s/ Jillian R. O'Brien

JILLIAN R. O'BRIEN, Cal. State Bar No. 251311
JASON ANTON
PAUL SUITTER
Assistant Attorneys General
Six State House Station
Augusta, Maine 04333-0006
Telephone: (207) 626-8800
Fax: (207) 287-3145
Email: Jason.Anton@maine.gov
Email: Paul.Suitter@maine.gov
Email: Jill.Obrien@maine.gov

*Attorneys for Plaintiff State of Maine*

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Steven J. Goldstein

STEVEN J. GOLDSTEIN (*pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6414
Email: sgoldstein@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

RAÚL TORREZ
Attorney General of New Mexico

/s/ William Grantham

WILLIAM GRANTHAM (*pro hac vice*)
Assistant Attorney General
201 Third St. NW, Suite 300
Albuquerque, NM 87102
Telephone: (505) 717-3520
E-Mail: wgrantham@nmag.gov

*Attorneys for Plaintiff State of New Mexico*

28

17

[P~~ROPOSED~~] STIPULATED PROTECTIVE ORDER
Case Nos. 3:22-cv-02583-RFL; 3:22-cv-02576-RFL

ELLEN F. ROSENBLUM
Attorney General of Oregon

/s/ Steve Novick
PAUL GARRAHAN (*pro hac vice*)
Attorney-in-Charge
STEVE NOVICK (*pro hac vice*)
Special Assistant Attorney General
Natural Resources Section
Oregon Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4593
Email: Steve.Novick@doj.state.or.us

*Attorneys for Plaintiff State of Oregon*


FOR THE PEOPLE OF THE
STATE OF MICHIGAN

/s/ Elizabeth Morrisseau
ELIZABETH MORRISSEAU (*pro hac vice*)
Assistant Attorney General
Environment, Natural Resources,
and Agriculture Division
Michigan Attorney General's Office
6th Floor, G. Mennen Williams Building
525 West Ottawa Street
PO Box 30755
Lansing, MI 48933
Telephone: (517) 335-7664
Email: MorrisseauE@michigan.gov

*Attorney for Plaintiff the People of the State of Michigan*

JOSHUA H. STEIN
Attorney General of North Carolina

/s/ Francisco Benzoni
ASHER SPILLER
Assistant Attorney General
FRANCISCO BENZONI
Special Deputy Attorney General
114. W. Edenton Street
Raleigh, NC 27063
Telephone: (919)716-7600
Email: fbenzoni@ncdoj.gov
aspiller@ncdoj.gov

*Attorneys for Plaintiff State of North Carolina*


ROBERT W. FERGUSON
Attorney General of Washington

/s/ Megan Sallomi
MEGAN SALLOMI, State Bar. No. 300580
Assistant Attorney General
Environmental Protection Division
Washington State Attorney General's Office
800 5th Ave Suite 2000,
Seattle, WA 98104-3188
Telephone: (206) 389-2437
Email: Megan.Sallomi@atg.ca.gov

*Attorney for Plaintiff State of Washington*

18

[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER
Case Nos. 3:22-cv-02583-RFL; 3:22-cv-02576-RFL

1

CHARITY R. CLARK
Attorney General of Vermont

2

3

/s/ Ryan Kane
RYAN KANE (*pro hac vice*)
Assistant Attorney General
Office of the Attorney General
109 State Street
Montpelier, VT 05609
(802) 828-2153
ryan.kane@vermont.gov

4

5

6

7

*Attorneys for Plaintiff State of Vermont*

8

9

10

BRIAN L. SCHWALB
Attorney General for the District of Columbia

11

12

/s/ Adam Teitelbaum
ADAM TEITELBAUM, State Bar. No. 310565
Deputy Director
Office of the Attorney General
District of Columbia
400 6th St. NW
Washington, DC 20001
Telephone: 202-256-3713
Email: Adam.Teitelbaum@dc.gov

13

14

15

16

17

*Attorneys for Plaintiff District of Columbia*

18

19

HON. SYLVIA O. HINDS-RADIX
Corporation Counsel
of the City of New York

20

21

/s/ Alice R. Baker
ALICE R. BAKER (*pro hac vice*)
Senior Counsel
New York City Law Department
100 Church Street
New York, NY 10007
Telephone: (212) 356-2314
E-mail: albaker@law.nyc.gov

22

23

24

25

26

*Attorneys for Plaintiff City of New York*

27

28

PETER F. NERONHA
Attorney General of Rhode Island

/s/ Nicholas M. Vaz
NICHOLAS M. VAZ (*pro hac vice*)
Special Assistant Attorney General
Office of the Attorney General
Environmental and Energy Unit
150 South Main Street
Providence, Rhode Island 02903
Telephone: (401) 274-4400 ext. 2297
nvaz@riag.ri.gov

*Attorneys for Plaintiff State of Rhode Island*

ALEXANDER G. CROCKETT
District Counsel

/s/ Marcia L. Raymond
MARCIA L. RAYMOND, State Bar No. 215655
Assistant Counsel
Bay Area Air Quality Management District
350 Beale Street, Suite 600
San Francisco, CA 94105
(415) 749-5158
mraymond@baaqmd.gov

*Attorneys for Plaintiff
Bay Area Air Quality Management District*

PHILIP J. WEISER
Attorney General of Colorado

/s/ Carrie Noteboom
CARRIE NOTEBOOM (*pro hac vice*)
Assistant Deputy Attorney General
Natural Resources and Environment Section
Colorado Department of Law
1300 Broadway, 7th Floor
Denver, CO 80203
(720) 508 6285
carrie.noteboom@coag.gov

*Attorneys for Plaintiff State of Colorado*

19

1

*/s/ Scott B. Hochberg*

MAYA D. GOLDEN-KRASNER (SBN 217557)
SCOTT B. HOCHBERG (SBN 305567)
mgoldenkrasner@biologicaldiversity.org
shochberg@biologicaldiversity.org
Climate Law Institute
Center for Biological Diversity
1212 Broadway, Suite 800
Oakland, CA 94612
T: (510) 844-7119 / F: (510) 844-7150

*Attorneys for Plaintiff Center for*
*Biological Diversity*

*s/ Adriano L. Martinez*

ADRIANO L. MARTINEZ (SBN 237152)
YASMINE L. AGELIDIS (SBN 321967)
CANDICE L. YOUNGBLOOD (SBN 328843)
amartinez@earthjustice.org
yagelidis@earthjustice.org
cyoungblood@earthjustice.org
Earthjustice
707 Wilshire Blvd., Suite 4300
Los Angeles, CA 90017
T: (415) 217-2000 / F: (415) 217-2040

*Attorneys for Plaintiffs CleanAirNow*
*and Sierra Club*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  February 21, 2024

United States District Judge
RITA F. LIN

20

[PROPOSED] STIPULATED PROTECTIVE ORDER
Case Nos. 3:22-cv-02583-RFL; 3:22-cv-02576-RFL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____ [date] in the cases of *CleanAirNow v. DeJoy*, No. 3:22-cv-02576-RFL and *State of California v. United States Postal Service*, No. 3:22-cv-02583-RFL. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

1

**ATTESTATION PURSUANT TO CIVIL LOCAL RULE 5-1**

2          I hereby certify that the above counsel in Case Nos. 3:22-cv-02583-RFL and 3:22-cv-

3    02576-RFL have concurred in the filing of this document.

4                                                      /s/ *Timothy S. Bishop*

5                                                      Timothy S. Bishop

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California